IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lee Green, | ) | C/A No. 0:09-273-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mrs. Delores Johnson, RN Nurse, Lee CI; Ms. Melordy Brady, LPN Nurse, Lee CI; Mrs. Y. McDonald, RN Director of Nursing, Lee CI; Ms. Lauri Miller, Inst. Grievance Coordinator, Lee CI, | ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Robert Lee Green ("Green"), who at the time of the incidents giving rise to this action was a state prisoner housed at Lee Correctional Institution ("LCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Green is self-represented. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 60.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Green of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 63.) Green filed a cross motion for summary judgment in response. (Docket Entry 73.) Also pending before the court are motions filed by Green to compel (Docket Entry 58), to amend/correct his Second Amended Complaint (Docket Entry 59), for an extension of time (Docket Entry 71), and for a subpoena (Docket Entry 72). Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted and

Green's motion for summary judgment should be denied. All other motions (Docket Entries 58, 59, 71, & 72) should be terminated.[1]

**BACKGROUND**

Green's Complaint raises claims of deliberate indifference by prison officials, due process violations, conspiracy, and racial discrimination in violation of his constitutional rights. Green's initial Complaint sought monetary relief against the named defendants and injunctive relief requesting the court to remove defendants McDonald, Johnson, Stahl, Williams, and Miller from their positions within the South Carolina Department of Corrections ("SCDC").[2] Green subsequently amended his Complaint to withdraw his request for monetary damages against the defendants. (2d Am. Compl., Docket Entry 41 at 1, 5.)

Green alleges in his Complaint that on November 28, 2008, he presented an order to report to Nurse Johnson at the pill window that had been issued to him by Dr. Stahl as a result of a September 2008 visit to the Toumey Regional Medical Center. (2d Am. Compl., Docket Entry 41

---

[1] Green's pending motion to amend his Second Amended Complaint does not affect the court's recommendation regarding the pending motions for summary judgment. In Green's motion, he seeks to add an employee of the South Carolina Department of Corrections as an additional defendant; however, he does not specify what claims he is attempting to assert against the proposed new defendant. The court further finds that granting this motion would cause undue delay in light of the defendants' pending motion for summary judgment. Moreover, to the extent that Green is attempting to assert his existing claims and request for relief against the proposed defendant, such amendment would be futile for the reasons stated in this Report and Recommendation. See Foman v. Davis, 371 U.S. 178 (1962) (stating that leave to amend should be denied when it would cause undue delay or when the amendment would be futile).

[2] Defendants Williams was terminated as a party to this action by court order issued March 11, 2009. (Docket Entry 10.) The parties stipulated to a dismissal of Defendant Stahl on September 3, 2009. (Docket Entry 54.) Moreover, as Green initially sought only monetary relief against Defendant Brady—a request he has now withdrawn—there is no further relief the court can provide as to this defendant. Accordingly, Defendant Brady is entitled to summary judgment.



at 14.) According to Green, Defendant Johnson left the pill window briefly and upon her return, refused to issue any medication to Green. (Id., Docket Entry 41 at 14-15.) Green alleges that Defendant Brady, who was also at the pill window, likewise refused to issue Green his medication. (Id., Docket Entry 41 at 15.) Green was subsequently charged with forgery or possession of a forged document. (Id.) Several days later, Green alleges that he witnessed Defendant Nurse McDonald assist a white inmate with an issue regarding his diet tray. When Green requested assistance from McDonald regarding his November 28 incident, McDonald refused to assist him and walked away. (Id., Docket Entry 41 at 16.)

In support of their motion for summary judgment on this claim, the defendants have submitted the affidavit of Yvonne McDonald, Nurse Administrator at LCI; the affidavit of Mary Coleman, Branch Chief of the Inmate Grievance Branch for SCDC; copies of Green's Step 1 and Step 2 grievances; and Green's Medical Record Summary.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

Page 3 of 6

PJG

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Green's Claims**

The court observes that following Green's amendments to his Complaint, the sole remaining relief he seeks is injunctive. Specifically, Green requests that the court remove defendants McDonald, Johnson, Stahl, Williams, and Miller from their positions within SCDC. "Federal courts lack the authority to remove or reassign state employees." Maxon v. Johnson, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980); see also Bethea v. Bennett, No. 3:06CV472-MU-02, 2006 WL 3359442, *3 (W.D.N.C. Nov. 20, 2006) (unpublished) ("[I]t goes without saying that the undersigned does not have the authority to direct the North Carolina Department of Corrections to terminate any of its

Page 4 of 6

PJG

employees even when the plaintiff prevails in a civil rights action under § 1983."). Therefore, this form of relief is not available in a § 1983 action. There being no further relief sought by Green that the court can provide, the court finds summary judgment appropriate.[3]

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 60) be granted and that Green's motion for summary judgment (Docket Entry 73) be denied. In light of this recommendation, the court further recommends that all other pending motions (Docket Entries 58, 59, 71, & 72) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Moreover, even if Green were seeking relief that this court could provide, the defendants would be entitled to summary judgment for the reasons stated in their memorandum in support of summary judgment. (Docket Entry 60-1 at 5-11, 12-16.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).